IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HO KEUNG TSE, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CASE NO. 6:12-CV-356 |
| § | |
| GOOGLE, INC., et al., § | |
| § | |
| Defendants. § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Google, Inc.'s Motion to Transfer Venue to the Northern District of California (Docket No. 32) ("Motion"). For the reasons set forth below, the motion is **GRANTED**. It is **ORDERED** that this case be **TRANSFERRED** to the Northern District of California.

**BACKGROUND**

This is the fifth lawsuit filed by Plaintiff Ho Keung Tse, proceeding *pro se*, for infringement of U.S. Patent No. 6,665,797 (the "797 Patent").[1] Mr. Tse's first three lawsuits were all transferred to the Northern District of California, and there is a pending motion to transfer the fourth lawsuit to either the Northern District of California or the District of Colorado.

Mr. Tse filed his first lawsuit ("*Apple I*") in August 2005 in the District of Maryland against several defendants, including Apple, Sony Connect, and Napster. Motion, Ex. 2. The Maryland court transferred *Apple I* to the Northern District of California in August 2006.

---

[1] Mr. Tse is the sole owner and inventor of the '797 Patent. Docket No. 1 at 6.

Motion, Ex. 4. After the case was transferred, the California court stayed *Apple I* pending reexamination of the '797 Patent. *Tse v. Apple Inc.*, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007).

Mr. Tse filed his second lawsuit ("*eBay*") in December 2009 in the Eastern District of Texas, Marshall Division, against eBay and America Online. *Tse v. eBay, Inc.*, 2:09-CV-380, Docket No. 1. The Texas court transferred *eBay* to the Northern District of California in February 2011.[2] Motion, Ex. 6. The California court then dismissed *eBay* without prejudice to re-file pending the outcome of reexamination. Motion at 4 n.1.

Mr. Tse filed his third lawsuit ("*Apple II*") in January 2012 in the Western District of Wisconsin against Apple and Ascedia. Motion, Ex. 7. The Wisconsin court transferred *Apple II* to the Northern District of California in May 2012. Motion, Ex. 9. Both *Apple I* and *Apple II* are currently assigned to Judge Armstrong in the Northern District of California's Oakland Division. Motion at 5.

Mr. Tse filed his fourth lawsuit ("*Blockbuster*") in May 2012 in the Eastern District of Texas, Sherman Division, against Blockbuster. *Tse v. Blockbuster*, 4:12-CV-328, Docket No. 1. *Blockbuster* is assigned to Judge Ron Clark and referred to Magistrate Judge Amos Mazzant. 4:12-CV-328, Docket No. 2. Defendant Blockbuster filed a motion to transfer in October 2012, seeking transfer to either the District of Colorado or the Northern District of California. 4:12-CV-328, Docket No. 18.[3]

Mr. Tse filed his fifth lawsuit (the present lawsuit) in May 2012 in the Eastern District of Texas, Tyler Division, against Google, Inc. ("Google"), Samsung TeleCommunications America, LLC ("Samsung"), and HTC America, Inc. Docket No. 1. ("HTC"). Google filed a

---

[2] Although Mr. Tse originally opposed *eBay's* transfer to the Northern District of California, he ultimately withdrew his objection to the transfer motion. *See* Motion, Ex. 6, at 1–2.

[3] The *Blockbuster* court has not ruled on Defendant Blockbuster's motion to transfer.

motion to transfer the case to the Northern District of California (Docket No. 32), which HTC joined (Docket No. 33). Samsung does not oppose transfer to California. Docket No. 40.

## APPLCIABLE LAW

Defendants argue that they are entitled to transfer under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold inquiry is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re*

*Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

## ANALYSIS

Transfer is appropriate in this case for three reasons. First, Mr. Tse has no connection to the Eastern District of Texas. Second, the majority of the relevant evidence and witnesses in this case are likely to be located at Google's headquarters in Northern California. Third, judicial economy strongly favors transfer because there are already two pending cases involving Mr. Tse and the '797 Patent in Northern California.

At the outset, Mr. Tse has no real connection to the Eastern District of Texas. Mr. Tse is a resident of Hong Kong, and there is no evidence that Mr. Tse does any business or has any other ties to Texas. *See* Docket No. 1. at 6. Mr. Tse has no documents in Texas, and his only identified witness is himself. *See* Response at 6–7.

Second, a substantial majority of the relevant evidence is located in Northern California. The accused product is Google's Android operating system, known as Google Play.[4] Docket No. 1. at 7. Google is accused of direct infringement by making, using, and selling Google Play. *Id*. at 9. Samsung and HTC are accused of infringement for selling devices running Google Play. *Id*.

---
[4] Google Play was formerly known as Android Market.

4

at 13 – 14. If Google Play does not infringe, Samsung and HTC do not infringe. Thus, liability for all three Defendants hinges on whether Google Play infringes.

Google, the creator of Google Play, will have the majority of relevant documents and witnesses in this case. *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (noting that the bulk of relevant evidence usually comes from the accused infringer). Google Play was developed at Google's headquarters in Mountain View, California. Motion at 6. Most of Google's relevant documents and witnesses are located there. *Id*. The engineering division in charge of Google Play is based in Mountain View, and no Google witnesses reside in Texas. *Id*.

HTC and Samsung will likely have fewer relevant documents and witnesses because their liability is contingent upon Google's liability. However, to the extent HTC and Samsung have relevant evidence, the location of their evidence does not weigh against transfer. HTC is headquartered in Washington State, so it will be more convenient to transport its documents to Northern California than to Texas. *See id*. at 7. Samsung is headquartered in Richardson, Texas, but it has significant facilities in Northern California. *Id*. Although it may be more convenient for Samsung to transport its documents and witnesses to East Texas, Samsung will have relatively little evidence compared to Google. Therefore, Google's presence in California is more influential than Samsung's presence in Texas.

Lastly, this case should be transferred to Northern California based on judicial economy. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010) (noting a trial court may consider judicial economy when evaluating a motion to transfer). There are currently two lawsuits filed by Mr. Tse pending in the Northern District of California, and both lawsuits are pending before the same judge. Motion at 5; *see In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("The existence of multiple lawsuits involving the same issues is a paramount

consideration when determining whether a transfer is in the interest of justice."). Transferring the case eliminates the risk of inconsistent discovery rulings and claim construction opinions. *See Interactive Music Tech., LLC v. Roland Corp.*, 2008 WL 245142, at *11 (E.D. Tex. Jan. 29, 2008). It also affords Mr. Tse the opportunity to minimize the number of trips he must make between the Hong Kong and the United States.[5]

The presence of the *Blockbuster* case in this District does not require a contrary decision. *Blockbuster* is pending before a different judge in a different division. If the present case is transferred, there will be a risk of inconsistent decisions between the California court and the *Blockbuster* court. However, if the present case is not transferred, there will still be a risk of inconsistent decisions between this Court, the California court, and the *Blockbuster* court. Regardless of whether the present case is transferred, there will be multiple proceedings involving the '797 Patent in different jurisdictions.

## CONCLUSION

For the foregoing reasons, Google's Motion to Transfer to the Northern District of California (Docket No. 32) is **GRANTED**. It is **ORDERED** that this case be **TRANSFERRED** to the Northern District of California.

**So ORDERED and SIGNED this 12th day of December, 2012.**



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE

---

[5] Mr. Tse acknowledged in *eBay* that it would be beneficial to reduce his number of court appearances in the United States. Motion, Ex. 6, at 1–2.